[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 22, 2010
JOHN LEY
CLERK

No. 09-15167
Non-Argument Calendar

_____

Agency No. A079-482-407

ALEKSANDR ALEKSANDROVICH BELOV,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 22, 2010)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Aleksandr Aleksandrovich Belov petitions for review of the decision by the Board of Immigration Appeals ("BIA") affirming the decision by the Immigration Judge ("IJ"). The IJ's decision, in pertinent part, designated Azerbaijan and, alternatively, Russia, as countries of removal.[1] No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. A factual determination "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

Belov testified that he was born in the city of Baku -- which is part of the present-day country of Azerbaijan -- in the Soviet Union in 1963. Belov served as

---

[1]The IJ's decision also denied asylum, withholding or removal, and relief under the Convention Against Torture. But on appeal, Belov makes no challenges about these claims and, thus, he has abandoned them. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons an issue by failing to offer argument on that issue).

a technical officer in the Soviet Army from 1987 to 1990 when Azerbaijan was going through a period of civil strife. In 1990, he broke his contract with the army and traveled to the present-day country of Georgia with his brother and mother. When civil strife also broke out there -- and after the Soviet Union had fallen -- the family moved to Russia, where Belov lived until he left for the United States in 1997. Belov was not a Russian citizen when he lived in Russia and, consequently, had difficulty getting a job there. In his asylum proceedings, Belov contended that he was stateless.

The IJ denied Belov relief from removal; and because Belov had declined to designate a country of removal, the IJ designated Azerbaijan and, in the alternative, Russia. The BIA agreed with the IJ's designations because Belov was born in Baku and had arrived in the United States from Russia. On appeal, Belov challenges the removal designations, arguing that he is a citizen of neither Azerbaijan nor Russia.

A four-step process exists for determining an alien's country of removal. See Jama v. Immigration and Customs Enforcement, 125 S.Ct. 694, 699-700 (2005). Briefly stated, an alien will be removed to (1) the country of his choice; (2) in the event that no country is chosen, to the country of which he is a citizen; (3) in the event that the alien is a citizen of no country, to a country with which he

has a lesser connection; and (4) if the other options are "impracticable, inadvisable or impossible," he shall be removed to "another country whose government will accept the alien into that country." Id.; 8 U.S.C. § 1231(b)(2)(A)(i), (b)(2)(C), (D), and (E);. Where, as here, an alien refuses to designate a country of removal, the government has "very broad discretion" in designating a country to which the alien will be sent. Al Najjar, 257 F.3d at 1295.

We see no error in the BIA's designation of Azerbaijan as a country of removal. Belov conceded that he was born in Baku, which is in the present-day country of Azerbaijan. And the U.S. State Department's 2007 Country Report on Azerbaijan noted that citizenship there is derived by birth within the country.[2]

We also discern no error in the IJ's alternative designation of Russia as the country of removal because Belov came to the United States from Russia. See 8 U.S.C. § 1231(b)(2)(E)(i) (discussing countries with which the alien has a lesser connection and allowing the government to remove an alien to the country from which he was admitted to the United States). While Belov points out that the government did not designate Russia as a country of removal, the government's

_____

[2]On appeal, Belov cites to a publication entitled "Citizenship Laws of the World" in support of his contention that birth within Azerbaijan does not automatically confer citizenship. But this document is not part of the administrative record; and we may not consider it. See Al Najjar, 257 F.3d at 1278 (explaining that we may not weigh evidence that was not presented below).

4

discretion to specify the country to which the alien will be sent has been delegated to the BIA. See Al Najjar, 257 F.3d at 1295. So the government itself need not specify Russia as a country of removal for the IJ and BIA to do so. Belov also argues that Russia should not have been designated because he is not a Russian citizen. But the BIA designated Russia because it is the country that Belov left to enter the United States, not because of citizenship.

Because Belov was ordered removed to a country pursuant to the regulations established by 8 U.S.C. § 1231(b)(2), the BIA did not err in concluding that the IJ properly designated Azerbaijan and, alternatively, Russia, as countries of removal. We deny the petition for review.[3]

PETITION DENIED.

---

[3]Belov asks us to vacate the order of removal because he has a pending motion to reopen based on a pending spousal petition. But the filing of a motion to reopen does not affect the finality of the removal order. See Jaggernauth v. U.S. Attorney Gen., 432 F.3d 1346, 1351 (11th Cir. 2005). So we properly may determine the merits of Belov's appeal from the BIA's final removal order.